IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JOVAN STREETER and MARQUITA )
BEECHAM, )
                                               )
        Plaintiff, )
                                               )
     v. )    No.    24-cv-4158
                                               )
CHICAGO POLICE OFFICER )
RICHARD RODRIGUEZ, JR. (Star #12157), )
in his individual capacity; CHICAGO )
POLICE OFFICER KENNETH SUNDE )
(Star #18633), in his individual capacity; )
CHICAGO POLICE OFFICER JOHN DOE, )
in his individual capacity, and CITY OF )
CHICAGO, a municipal corporation, )
                                               )
        Defendants. )

## COMPLAINT

NOW COMES Plaintiffs, JOVAN STREETER and MARQUITA BEECHAM ("Plaintiffs" or "Plaintiff Streeter" and "Plaintiff Beecham"), by and through their attorneys, Barney & Hourihane, LLP and Law Office of Jordan Marsh LLC, and complaining of Defendants, CHICAGO POLICE OFFICERS RICHARD RODRIGUEZ, JR. (Star No. 12157), KENNETH SUNDE (Star No. 18633), and JOHN DOE, in their individual capacity, and CITY OF CHICAGO (referred to herein collectively as "Defendants"), and states as follows:

### INTRODUCTION

1.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States

1

Constitution.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a) and the Constitution of the United States.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## PARTIES

4. **Plaintiffs.** Jovan Streeter and Marquita Beecham are residents of Chicago, Illinois.

5. **Defendant Richard Rodriguez, Jr.**. Defendant Officer Richard Rodriguez, Jr. ("Defendant Rodriguez") is, and was at all times complained of herein, employed by the City of Chicago as a police officer for the Chicago Police Department. At all times material to this Complaint, Defendant Officer Rodriguez was acting within the scope of his employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Chicago and the Chicago Police Department.

6. **Defendant Officer Kenneth Sunde.** Defendant Officer Kenneth Sunde is, and was at all times complained of herein, employed by the City of Chicago as a police officer for the Chicago Police Department. At all times material to this Complaint, Defendant Officer Sunde was acting within the scope of his employment and under color of state law, ordinance, and/or regulation, statutes,

custom, and usage of the City of Chicago and the Chicago Police Department.

7.  **Defendant Officer Doe.** Defendant Officer Doe is, and was at all times complained of herein, employed by the City of Chicago as a police officer for the Chicago Police Department. At all times material to this Complaint, Defendant Officer Doe was acting within the scope of his employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Chicago and the Chicago Police Department.

8.  **Defendant City of Chicago.** City of Chicago is a municipal corporation with its principal place of business located in Chicago, Illinois.

## BACKGROUND

9.  Plaintiff Streeter and Plaintiff Beecham experienced two encounters involving Defendant Rodriguez. The first, which also involved Defendant Sunde, occurred in May of 2023 and resulted in Streeter being arrested and charged with displaying false registration on his vehicle. The second involved an illegal seizure and search of both Plaintiffs by Defendants Rodriguez and Doe, as well as subsequent abusive and threatening conduct by Defendant Rodriguez.

### May 22, 2023 Encounter

10. On May 22, 2023, Plaintiffs were out to dinner at Shaw's Crab House in Chicago, Illinois.

11. While dining inside the restaurant, they were called to the outside of the restaurant by a valet.

12. Once outside, Plaintiff Streeter was detained by Defendants Rodriguez

3

and Sunde and accused of displaying a false license plate on his vehicle.

13. Plaintiff Streeter immediately explained that there must be a mix up, that he just received his vehicle back from a body shop, and that he possessed valid and properly registered license plates for his vehicle.

14. While Plaintiff Streeter was attempting to provide Defendant Officers with an explanation, Defendant Rodriguez repeatedly and forcefully banged Plaintiff Streeter's face and head into the side of Plaintiff Streeter's vehicle.

15. Plaintiff Streeter posed no threat to Defendant Officers or any other person during this time.

16. As the situation was unfolding, Plaintiff Beecham promptly contacted the body shop, briefly explained the situation, and offered the officers the opportunity to speak directly to someone at the body shop to confirm Plaintiff Streeter's story.

17. Defendant Officers, refused to speak with the body shop employee or learn any other readily available information that would corroborate Plaintiff Streeter's story.

18. Defendant Rodriguez subsequently located Plaintiff Streeter's license plate in the rear cargo area of Plaintiff Streeter's vehicle. The license plate was valid, the registration was current, and the plate was registered to Plaintiff Streeter's vehicle, corroborating Plaintiff Streeter's story that there was a mix up at the body shop and that his vehicle was properly registered.

19. Despite the above information, Defendant Officers arrested Plaintiff

Streeter and charged him with the misdemeanor offense of displaying false registration on his vehicle. Plaintiff Streeter spent the night in police custody after his arrest.

20. The misdemeanor charge, filed in the Circuit Court of Cook County, Illinois under Case No. 23119506801, was subsequently dismissed on July 27, 2023.

### August 16, 2023 Encounter

21. On August 16, 2023, Plaintiffs were driving in Plaintiff Streeter's vehicle—the same vehicle involved in the May 22, 2023 incident—when they encountered Defendants Rodriguez and Doe driving in their police vehicle in the Gold Coast neighborhood of Chicago, Illinois.

22. Defendant Rodriguez appeared to immediately recognize Plaintiff Streeter, began following Plaintiffs, and subsequently pulled Plaintiffs over.

23. Plaintiffs had committed no crime or traffic infraction, and there was no lawful basis for the traffic stop.

24. After pulling Plaintiffs over, Defendants Rodriguez and Doe ordered Plaintiffs to exit the vehicle and handcuffed Plaintiff Streeter.

25. Plaintiff Streeter had committed no crime and there was no lawful justification for handcuffing him.

26. Defendant Officers then searched Plaintiffs and Plaintiff Streeter's vehicle.

27. There was no probable cause or any other lawful justification for the searches conducted by Defendant Officers.

28. Plaintiff Beecham notified Defendant Officers that she was in possession of her legally owned firearm. Plaintiff Beecham possessed a valid Conceal Carry License issued by the State of Illinois at the time of the traffic stop and was permitted under the law to carry a concealed firearm.

29. Defendant Rodriguez seized the firearm and threatened to "dump" on Plaintiffs, slang which Plaintiffs knew to mean "shoot" them.

30. At the same time, Defendant Rodriguez was pointing the firearm in Plaintiffs' direction and ejecting ammunition from the firearm by retracting the firearm's slide.

31. Defendant Rodriguez engaged in additional abusive and threatening behavior, including berating and degrading Plaintiffs and threatening to impound Plaintiff Streeter's vehicle despite that there was no lawful basis to do so.

32. Ultimately, Plaintiffs were released from the traffic stop without receiving any traffic citations.

33. Plaintiffs subsequently drove to a Chicago police station and expressed their desire to lodge a complaint against Defendant Officers. Other officers, including Defendant Officers and a supervisor, attempted to dissuade Plaintiffs from doing so.

34. Ultimately, a complaint was lodged and a Bureau of Internal Affairs investigation sustained Plaintiffs' allegations against Defendant Rodriguez and suspended him for three days.

## COUNT 1
## 42 U.S.C. § 1983: False Arrest
### (May 22, 2023 Encounter – Streeter Against Rodriguez and Sunde)

35. Plaintiff re-alleges paragraphs 1 through 20 as if fully restated herein.

36. Defendant Officers Rodriguez and Sunde arrested Plaintiff.

37. Defendant Officers' arrest of Plaintiff was without probable cause.

38. Defendant Officers' arrest of Plaintiff, conducted under color of law, violated Plaintiff's constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983.

39. Defendant Officers' actions were unreasonable, willful, wanton, malicious, and were undertaken with reckless indifference to Plaintiff's constitutional rights.

40. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries of a personal and pecuniary manner as a result of those actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

## COUNT 2
## 42 U.S.C. § 1983 Claim: Unlawful Pre-Trial Detention
### (May 22, 2023 Encounter – Streeter Against Rodriguez and Sunde)

41. Plaintiffs re-allege paragraphs 1 through 20 as if fully restated herein.

42. In the manner described more fully above, Defendant Officers Rodriguez and Sunde accused Plaintiff Streeter of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff

without any probable cause for doing so and in spite of the fact that they knew Plaintiff was innocent, in violation of his rights secured by the Fourth and Fourteenth Amendments.

43. In so doing, Defendant Officers caused Plaintiff Streeter to be deprived of his liberty without probable cause and subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

44. The misconduct described in this Count was objectively unreasonable, willful, wanton, malicious, and undertaken with reckless indifference to Plaintiff's rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence in violation of 42 U.S.C. § 1983.

45. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries of a personal and pecuniary manner as a result of those actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

**COUNT 3**
**Illinois State Law Claim: False Imprisonment**
**(May 22, 2023 Encounter – Streeter Against Rodriguez and Sunde)**

46. Plaintiffs re-allege paragraphs 1 through 20 as if fully restated herein.

47. The actions taken by Defendant Officers Rodriguez and Sunde, as described above, restrained Plaintiff Streeter's freedom of movement.

48. Defendant Officers' actions in restraining Plaintiff Streeter's freedom of movement were done without reasonable grounds, reasonable suspicion, probable

cause, or any other lawful authority.

49. The actions of Defendant Officers were undertaken willfully, wantonly, and maliciously.

50. Plaintiff suffered injuries of a personal and pecuniary manner as a result of Defendant Officers' actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

51. As described above, Defendant Officers' conduct was undertaken within the scope of their employment such that their employer, City of Chicago, is liable for their actions.

### COUNT 4
### 42 U.S.C. § 1983 Claim: Malicious Prosecution
### (May 22, 2023 Encounter – Streeter Against Rodriguez and Sunde)

52. Plaintiffs re-allege paragraphs 1 through 20 as if fully restated herein.

53. As described more fully above, Defendant Officers Rodriguez and Sunde commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff Streeter for which Defendant Officers knew there was no probable cause.

54. The criminal proceeding terminated in Plaintiff Streeter's favor in a manner indicative of innocence.

55. Defendant Officers' actions were undertaken intentionally, with malice, and with reckless indifference to the rights of Plaintiff.

56. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause and made false written and other

statements with the intent of exerting influence to institute and continue judicial proceedings.

57. Criminal complaints, statements, and reports of Defendant Officers regarding Plaintiff Streeter's alleged criminal culpability were made with knowledge that the statements were false.

58. Defendant Officers' malicious prosecution of Plaintiff, conducted under color of law, violated Plaintiff's constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983.

59. The actions of Defendant Officers were undertaken willfully, wantonly, maliciously, and with reckless indifference to Plaintiff Streeter's rights.

60. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered as a result injuries, including emotional distress, mental anguish, humiliation, degradation, loss of liberty, loss of property, and pecuniary loss.

61. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries of a personal and pecuniary manner as a result of those actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

## COUNT 5
**Illinois State Law Claim: Malicious Prosecution**
**(May 22, 2023 Encounter – Streeter Against Rodriguez and Sunde)**

62. Plaintiffs re-allege paragraphs 1 through 20 as if fully restated herein.

63. As described more fully above, Defendant Officers Rodriguez and Sunde commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff Streeter for which Defendant Officers knew there was no probable cause.

64. The criminal proceeding terminated in Plaintiff Streeter's favor in a manner indicative of innocence.

65. Defendant Officers' actions were undertaken intentionally and with malice.

66. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause and made false written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

67. Criminal complaints, statements and reports of Defendant Officers regarding Plaintiff Streeter's alleged criminal culpability were made with knowledge that the statements were false.

68. The actions of Defendant Officers were undertaken willfully, wantonly, and maliciously.

69. Plaintiff suffered injuries of a personal and pecuniary manner as a result of Defendant Officers' actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

70. As described above, the Defendant Rodriguez's conduct was undertaken within the scope of his employment such that his employer, City of

11

Chicago, is liable for his actions.

## COUNT 6
### 42 U.S.C. § 1983 Claim: Excessive Force
**(May 22, 2023 Encounter – Plaintiff Streeter Against Defendant Rodriguez)**

71. Plaintiffs re-allege paragraphs 1 through 20 as if fully restated herein.

72. The force used against Plaintiff Streeter by Defendant Rodriguez was unreasonable and excessive.

73. As a result of Defendant Rodriguez's unreasonable, unjustified, and excessive use of force, Plaintiff Streeter suffered pain and injury, as well as emotional distress.

74. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff Streeter's constitutional rights.

75. This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

76. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries of a personal and pecuniary manner as a result of those actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

## COUNT 7
### Illinois State Law Claim: Battery
**(May 22, 2023 Encounter – Streeter Against Rodriguez)**

77. Plaintiffs re-allege paragraphs 1 through 20 as if fully restated herein.

78. As described more fully in the preceding paragraphs, Defendant

12

Rodriguez knowingly and intentionally banged Plaintiff Streeter's face and head against Plaintiff Streeter's vehicle without any lawful justification.

79. Defendant Officer's conduct was done knowingly, intentionally, and with malice.

80. As a direct and proximate cause of Defendant Rodriguez's conduct, Plaintiff sustained injuries, including pain, suffering, and emotional distress.

81. As described above, the Defendant Rodriguez's conduct was undertaken within the scope of his employment such that his employer, City of Chicago, is liable for his actions.

**COUNT 8**
**42 U.S.C. § 1983 Claim: Illegal Seizure**
**(August 16, 2023 Encounter – Plaintiffs Against Rodriguez and Doe)**

82. Plaintiffs re-allege paragraphs 1 through 9 and 21 through 34 as if fully restated herein.

83. Defendant Officers Rodriguez and Doe seized Plaintiffs in that Plaintiffs' freedom of movement was restrained by Defendant Officers' use of physical force and show of authority.

84. Due to Defendant Officers' actions, Plaintiffs were not free to terminate the encounter with Defendant Officers.

85. Defendant Officers' actions interfering with Plaintiffs' freedom of movement were done without probable cause, reasonable suspicion, or any other lawful justification.

86. Defendant Officers' seizure of Plaintiffs violated Plaintiffs'

13

constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983.

87. Defendant Officers' actions were unreasonable, willful, wanton, malicious, and were undertaken with reckless indifference to Plaintiffs' constitutional rights.

88. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries of a personal and pecuniary manner as a result of those actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

## COUNT 9
### 42 U.S.C. § 1983 Claim: Illegal Search
**(August 16, 2023 Encounter – Plaintiffs Defendants Rodriguez and Doe)**

89. Plaintiffs re-allege paragraphs 1 through 9 and 21 through 34 as if fully restated herein.

90. Defendant Officers Rodriguez and Sunde's searches of Plaintiffs and Plaintiff Streeter's vehicle were without the consent of Plaintiffs or any other person with authority.

91. Further, no arrest or search warrant existed which would authorize Defendant Officers to search Plaintiffs or Plaintiff Streeter's vehicle.

92. Defendant Officers lacked probable cause, reasonable suspicion, or any other legal justification that would authorize a search of Plaintiffs or Plaintiff Streeter's vehicle.

93. Defendant Officers' search of Plaintiffs and Plaintiff Streeter's vehicle

violated Plaintiffs' constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983

94. Defendant Officers' searches of Plaintiffs and Plaintiff Streeter's vehicle were unreasonable, willful, wanton, malicious, and done with reckless indifference to Plaintiff's constitutional rights.

95. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries of a personal and pecuniary manner as a result of those actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

## COUNT 10
### Illinois State Law Claim: Assault
### (August 16, 2023 Encounter – Plaintiffs Against Rodriguez)

96. Plaintiffs re-allege paragraphs 1 through 9 and 21 through 34 as if fully restated herein.

97. As described more fully in the preceding paragraphs, Defendant Rodriguez threatened to shoot Plaintiffs while manipulating a firearm in a threatening manner.

98. In doing so, Defendant Rodriguez knowingly placed Plaintiffs in reasonable apprehension of receiving a battery.

99. Defendant Rodriguez's conduct was without lawful authority.

100. Defendant Rodriguez's conduct was done knowingly, intentionally, and with malice.

101. As a direct and proximate result of Defendant Rodriguez's action, Plaintiff suffered injuries of a personal and pecuniary manner, including emotional distress, mental anguish, humiliation, and degradation.

102. As described above, the Defendant Rodriguez's conduct was undertaken within the scope of his employment such that his employer, City of Chicago, is liable for his actions.

### COUNT 11
**Illinois State Law Claim: Intentional Infliction of Emotional Distress
(August 16, 2023 Encounter – Plaintiffs Against Defendant Rodriguez)**

103. Plaintiffs re-allege paragraphs 1 through 9 and 21 through 34 as if fully restated herein.

104. The misconduct of Defendant Rodriguez was committed with intentional disregard for Plaintiffs' safety and amounted to extreme and outrageous conduct.

105. Defendant Rodriguez intended to inflict severe emotional distress upon Plaintiffs and knew that there was a high probability that his conduct would cause Plaintiffs severe emotional distress and mental anguish.

106. As a direct and proximate result of Defendant Rodriguez's conduct, Plaintiffs sustained injuries, including severe emotional distress.

### *Respondeat Superior*

107. Plaintiffs re-allege each of the preceding paragraphs as if fully restated herein.

108. In committing the acts alleged in the preceding paragraphs, Defendant

Officers were acting as members and agents of the City of Chicago, and acting at all relevant times within the scope of their employment as Chicago Police Officers.

109. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## Indemnification

110. Plaintiffs re-allege each of the preceding paragraphs as if fully restated herein.

111. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

112. Defendant Officers are employees of the City of Chicago and were acting within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, JOVAN STREETER and MARQUITA BEECHAM, respectfully request that this Honorable Court enter judgment in THEIR favor and against Defendants, CITY OF CHICAGO, DEFENDANT OFFICER RODRIGUEZ, DEFENDANT OFFICER SUNDE, and DEFENDANT OFFICER DOE, awarding compensatory damages and attorneys' fees, along with punitive damages against DEFENDANT OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Jury Demand

Plaintiffs, JOVAN STREETER and MARQUITA BEECHAM, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ *Ian M. Barney*
IAN M. BARNEY
Barney & Hourihane, LLP
909 Davis Street, Suite 500
Evanston, Illinois 60201
Tel: 312-854-0906
E: ian@barneyhourihane.com

JORDAN MARSH
Law Office of Jordan Marsh LLC
5 Revere Drive, Suite 200
Northbrook, IL 60062
Tel: (224) 220-9000
E: jordan@jmarshlaw.com

*Counsel for Plaintiff*