IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JOVAN STREETER and MARQUITA BEECHAM, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   24-cv-4158 |
| CHICAGO POLICE OFFICER RICHARD RODRIGUEZ, JR. (Star #12157), in his individual capacity; CHICAGO POLICE OFFICER KENNETH SUNDE (Star #18633), in his individual capacity; CHICAGO POLICE OFFICER JOHN DOE, in his individual capacity, and CITY OF CHICAGO, a municipal corporation, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants Chicago police officers, Richard Rodriguez, Jr. and Kenneth sunde ("Defendant Officers") and Defendant City of Chicago (hereinafter collectively "Defendants")[1] submit the following answer to Plaintiff's complaint, affirmative defenses, and jury demand:

**INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER: Defendants admit this action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983, and the laws of the State of Illinois, to redress alleged deprivations of the civil rights of the Plaintiffs, and that Defendants were acting under color of law at the time they were interacting with Plaintiffs but deny any wrongdoing or misconduct alleged.**

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a) and the Constitution of the United States.

---

[1] None of the Defendants make any answer on behalf of John Doe or an alleged conduct of John Doe.

1

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**ANSWER: Defendants admit venue is proper, as the events giving rise to the claims asserted occurred within the district, but lack knowledge or information sufficient to admit or deny the remainder of this paragraph and further deny that the events occurred as alleged in Plaintiffs' Complaint.**

## PARTIES

4. Plaintiffs. Jovan Streeter and Marquita Beecham are residents of Chicago, Illinois.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny this paragraph.**

5. Defendant Richard Rodriguez, Jr.. Defendant Officer Richard Rodriguez, Jr. ("Defendant Rodriguez") is, and was at all times complained of herein, employed by the City of Chicago as a police officer for the Chicago Police Department. At all times material to this Complaint, Defendant Officer Rodriguez was acting within the scope of his employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Chicago and the Chicago Police Department.

**ANSWER: Defendants admit this paragraph.**

6. Defendant Officer Kenneth Sunde. Defendant Officer Kenneth Sunde is, and was at all times complained of herein, employed by the City of Chicago as a police officer for the Chicago Police Department. At all times material to this Complaint, Defendant Officer Sunde was acting within the scope of his employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Chicago and the Chicago Police Department.

**ANSWER: Defendants admit this paragraph.**

7. Defendant Officer Doe. Defendant Officer Doe is, and was at all times complained of herein, employed by the City of Chicago as a police officer for the Chicago Police Department. At all times material to this Complaint, Defendant Officer Doe was acting within the scope of his employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Chicago and the Chicago Police Department.

**ANSWER: Defendants lack knowledge of information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

2

8. Defendant City of Chicago. City of Chicago is a municipal corporation with its principal place of business located in Chicago, Illinois.

**ANSWER: Defendants admit this paragraph.**

## BACKGROUND

9. Plaintiff Streeter and Plaintiff Beecham experienced two encounters involving Defendant Rodriguez. The first, which also involved Defendant Sunde, occurred in May of 2023 and resulted in Streeter being arrested and charged with displaying false registration on his vehicle. The second involved an illegal seizure and search of both Plaintiffs by Defendants Rodriguez and Doe, as well as subsequent abusive and threatening conduct by Defendant Rodriguez.

**ANSWER: Defendants deny this paragraph.**

### May 22, 2023 Encounter

10. On May 22, 2023, Plaintiffs were out to dinner at Shaw's Crab House in Chicago, Illinois.

**ANSWER: Upon information and belief, Defendants admit this paragraph.**

11. While dining inside the restaurant, they were called to the outside of the restaurant by a valet.

**ANSWER: Upon information and belief, Defendants admit this paragraph.**

12. Once outside, Plaintiff Streeter was detained by Defendants Rodriguez and Sunde and accused of displaying a false license plate on his vehicle.

**ANSWER: Defendants deny this paragraph truly and accurately reflects the facts and circumstances of the incident but admit that Streeter was eventually detained for display of false registration.**

13. Plaintiff Streeter immediately explained that there must be a mix up, that he just received his vehicle back from a body shop, and that he possessed valid and properly registered license plates for his vehicle.

**ANSWER: Defendants deny this paragraph truly and accurately reflects the facts and circumstances of the incident and therefore deny the allegations contained herein.**

3

explanation, Defendant Rodriguez repeatedly and forcefully banged Plaintiff Streeter's face and head into the side of Plaintiff Streeter's vehicle.

**ANSWER: Defendants deny this paragraph.**

15. Plaintiff Streeter posed no threat to Defendant Officers or any other person during this time.

**ANSWER: Defendants deny this paragraph.**

16. As the situation was unfolding, Plaintiff Beecham promptly contacted the body shop, briefly explained the situation, and offered the officers the opportunity to speak directly to someone at the body shop to confirm Plaintiff Streeter's story.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny this paragraph.**

17. Defendant Officers, refused to speak with the body shop employee or learn any other readily available information that would corroborate Plaintiff Streeter's story.

**ANSWER: Defendants deny this paragraph.**

18. Defendant Rodriguez subsequently located Plaintiff Streeter's license plate in the rear cargo area of Plaintiff Streeter's vehicle. The license plate was valid, the registration was current, and the plate was registered to Plaintiff Streeter's vehicle, corroborating Plaintiff Streeter's story that there was a mix up at the body shop and that his vehicle was properly registered.

**ANSWER: Defendants admit Streeter's license plate was subsequently located inside the rear cargo area of Streeter's vehicle, but lack knowledge or information sufficient to admit or deny the remainder of the paragraph.**

19. Despite the above information, Defendant Officers arrested Plaintiff Streeter and charged him with the misdemeanor offense of displaying false registration on his vehicle. Plaintiff Streeter spent the night in police custody after his arrest.

**ANSWER: Defendants admit Streeter was arrested and charged with the misdemeanor offense of displaying false registration on his vehicle but lack knowledge or information sufficient to admit or deny the remainder of the paragraph.**

4

order Case No. 23119506801, was subsequently dismissed on July 27, 2023.

**ANSWER: Upon information and belief, Defendants admit this paragraph.**

## August 16, 2023 Encounter

21. On August 16, 2023, Plaintiffs were driving in Plaintiff Streeter's vehicle—the same vehicle involved in the May 22, 2023 incident—when they encountered Defendants Rodriguez and Doe driving in their police vehicle in the Gold Coast neighborhood of Chicago, Illinois.

**ANSWER: Defendants admit this paragraph.**

22. Defendant Rodriguez appeared to immediately recognize Plaintiff Streeter, began following Plaintiffs, and subsequently pulled Plaintiffs over.

**ANSWER: Defendants deny this paragraph.**

23. Plaintiffs had committed no crime or traffic infraction, and there was no lawful basis for the traffic stop.

**ANSWER: Defendants deny this paragraph.**

24. After pulling Plaintiffs over, Defendants Rodriguez and Doe ordered Plaintiffs to exit the vehicle and handcuffed Plaintiff Streeter.

**ANSWER: Defendants deny this paragraph.**

25. Plaintiff Streeter had committed no crime and there was no lawful justification for handcuffing him.

**ANSWER: Defendants deny this paragraph.**

26. Defendant Officers then searched Plaintiffs and Plaintiff Streeter's vehicle.

**ANSWER: Defendants deny this paragraph.**

27. There was no probable cause or any other lawful justification for the searches conducted by Defendant Officers.

**ANSWER: Defendants deny this paragraph.**

28. Plaintiff Beecham notified Defendant Officers that she was in possession of her legally owned firearm. Plaintiff Beecham possessed a valid Conceal Carry License issued by the

State of Illinois 24-hour traffic stop and weapons/ammunition charge for concealed firearm.

**ANSWER: Upon information and belief Defendants admit this paragraph.**

29. Defendant Rodriguez seized the firearm and threatened to "dump" on Plaintiffs, slang which Plaintiffs knew to mean "shoot" them.

**ANSWER: Defendants deny this paragraph.**

30. At the same time, Defendant Rodriguez was pointing the firearm in Plaintiffs' direction and ejecting ammunition from the firearm by retracting the firearm's slide.

**ANSWER: Defendants deny this paragraph.**

31. Defendant Rodriguez engaged in additional abusive and threatening behavior, including berating and degrading Plaintiffs and threatening to impound Plaintiff Streeter's vehicle despite that there was no lawful basis to do so.

**ANSWER: Defendants deny this paragraph truly and accurately reflects the facts and circumstances of the incident and therefore deny the allegations contained herein.**

32. Ultimately, Plaintiffs were released from the traffic stop without receiving any traffic citations.

**ANSWER: Defendants admit this paragraph.**

33. Plaintiffs subsequently drove to a Chicago police station and expressed their desire to lodge a complaint against Defendant Officers. Other officers, including Defendant Officers and a supervisor, attempted to dissuade Plaintiffs from doing so.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny this paragraph..**

34. Ultimately, a complaint was lodged and a Bureau of Internal Affairs investigation sustained Plaintiffs' allegations against Defendant Rodriguez and suspended him for three days.

**ANSWER: DefendantRodriguez admits this paragraph. Defendant Sunde lacks knowledge or information sufficient to admit or deny this paragraph.**

**COUNT 1**

**42 U.S.C. § 1983: False Arrest**
**(May 22, 2023 Encounter – Streeter Against Rodriguez and Sunde)**

**Defendants have a pending motion to dismiss this count, Dkt. No 18, and therefore make no answer.**

**COUNT 2**
**42 U.S.C. § 1983 Claim: Unlawful Pre-Trial Detention**
**(May 22, 2023 Encounter – Streeter Against Rodriguez and Sunde)**

**Defendants have a pending motion to dismiss this count , Dkt. No 18, and therefore make no answer.**

**COUNT 3**
**Illinois State Law Claim: False Imprisonment**
**(May 22, 2023 Encounter – Streeter Against Rodriguez and Sunde)**

**Defendants have a pending motion to dismiss this count, Dkt. No 18,  and therefore make no answer.**

**COUNT 4**
**42 U.S.C. § 1983 Claim: Malicious Prosecution**
**(May 22, 2023 Encounter – Streeter Against Rodriguez and Sunde)**

**Defendants have a pending motion to dismiss this count, Dkt. No 18,  and therefore make no answer.**

**COUNT 5**
**Illinois State Law Claim: Malicious Prosecution**
**(May 22, 2023 Encounter – Streeter Against Rodriguez and Sunde)**

**Defendants have a pending motion to dismiss this count , Dkt. No 18, and therefore make no answer.**

**COUNT 6**
**42 U.S.C. § 1983 Claim: Excessive Force**
**(May 22, 2023 Encounter – Plaintiff Streeter Against Defendant Rodriguez)**

71.     Plaintiffs re-allege paragraphs 1 through 20 as if fully restated herein.

ANSWER: Defendant Rodriguez reasserts his answers in the previous paragraphs as though fully stated herein. Defendants City of Chicago and Sunde make no answer to this Count as it is not directed to them.

72. The force used against Plaintiff Streeter by Defendant Rodriguez was unreasonable and excessive.

**ANSWER: Defendant Rodriguez denies this paragraph.**

73. As a result of Defendant Rodriguez's unreasonable, unjustified, and excessive use of force, Plaintiff Streeter suffered pain and injury, as well as emotional distress.

**ANSWER: Defendant Rodriguez denies this paragraph.**

74. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff Streeter's constitutional rights.

**ANSWER: Defendant Rodriguez denies this paragraph.**

75. This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

**ANSWER: Defendant Rodriguez denies this paragraph.**

76. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries of a personal and pecuniary manner as a result of those actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

**ANSWER: Defendant Rodriguez denies this paragraph.**

**COUNT 7**
**Illinois State Law Claim: Battery**
**(May 22, 2023 Encounter – Streeter Against Rodriguez)**

77. Plaintiffs re-allege paragraphs 1 through 20 as if fully restated herein.

**ANSWER: Defendant Rodriguez reasserts his answers in the previous paragraphs as though fully stated herein. Defendants City of Chicago and Sunde make no answer to this Count as it is not directed to them.**

8

knowingly and intentionally banged Plaintiff Streeter's face and head against Plaintiff Streeter's vehicle without any lawful justification.

**ANSWER: Defendant Rodriguez denies this paragraph.**

79. Defendant Officer's conduct was done knowingly, intentionally, and with malice.

**ANSWER: Defendant Rodriguez denies this paragraph.**

80. As a direct and proximate cause of Defendant Rodriguez's conduct, Plaintiff sustained injuries, including pain, suffering, and emotional distress.

**ANSWER: Defendant Rodriguez denies this paragraph.**

81. As described above, the Defendant Rodriguez's conduct was undertaken within the scope of his employment such that his employer, City of Chicago, is liable for his actions.

**ANSWER: Defendant Rodriguez denies this paragraph.**

## COUNT 8
### 42 U.S.C. § 1983 Claim: Illegal Seizure
### (August 16, 2023 Encounter – Plaintiffs Against Rodriguez and Doe)

82. Plaintiffs re-allege paragraphs 1 through 9 and 21 through 34 as if fully restated herein.

**ANSWER: Defendant Rodriguez reasserts his answers in the previous paragraphs as though fully stated herein. Defendants City of Chicago and Sunde make no answer to this Count as it is not directed to them.**

83. Defendant Officers Rodriguez and Doe seized Plaintiffs in that Plaintiffs' freedom of movement was restrained by Defendant Officers' use of physical force and show of authority.

**ANSWER: Defendant Rodriguez admits Plaintiffs were seized pursuant to a lawful traffic stop, but deny that Plaintiffs' freedom of movement was restrained.**

84. Due to Defendant Officers' actions, Plaintiffs were not free to terminate the encounter with Defendant Officers.

**ANSWER: Defendant Rodriguez admits this paragraph.**

done without probable cause, reasonable suspicion, or any other lawful justification.

**ANSWER: Defendant Rodriguez denies this paragraph.**

86. Defendant Officers' seizure of Plaintiffs violated Plaintiffs' constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983.

**ANSWER: Defendant Rodriguez denies this paragraph.**

87. Defendant Officers' actions were unreasonable, willful, wanton, malicious, and were undertaken with reckless indifference to Plaintiffs' constitutional rights.

**ANSWER: Defendant Rodriguez denies this paragraph.**

88. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries of a personal and pecuniary manner as a result of those actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

**ANSWER: Defendant Rodriguez denies this paragraph.**

## COUNT 9
### 42 U.S.C. § 1983 Claim: Illegal Search
### (August 16, 2023 Encounter – Plaintiffs Defendants Rodriguez and Doe)

89. Plaintiffs re-allege paragraphs 1 through 9 and 21 through 34 as if fully restated herein.

**ANSWER: Defendant Rodriguez reasserts his answers in the previous paragraphs as though fully stated herein. Defendants City of Chicago and Sunde make no answer to this Count as it is not directed to them.**

90. Defendant Officers Rodriguez and Sunde's searches of Plaintiffs and Plaintiff Streeter's vehicle were without the consent of Plaintiffs or any other person with authority.

**ANSWER: Defendant Rodriguez denies this paragraph.**

91. Further, no arrest or search warrant existed which would authorize Defendant Officers to search Plaintiffs or Plaintiff Streeter's vehicle.

**ANSWER: Defendant Rodriguez admits this paragraph.**

92. Defendant Officers lacked probable cause, reasonable suspicion, or any other legal justification that would authorize a search of Plaintiffs or Plaintiff Streeter's vehicle.

**ANSWER: Defendant Rodriguez denies this paragraph.**

93. Defendant Officers' search of Plaintiffs and Plaintiff Streeter's vehicle violated Plaintiffs' constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983

**ANSWER: Defendant Rodriguez denies this paragraph.**

94. Defendant Officers' searches of Plaintiffs and Plaintiff Streeter's vehicle were unreasonable, willful, wanton, malicious, and done with reckless indifference to Plaintiff's constitutional rights.

**ANSWER: Defendant Rodriguez denies this paragraph.**

95. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries of a personal and pecuniary manner as a result of those actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

**ANSWER: Defendant Rodriguez denies this paragraph.**


**COUNT 10**
**Illinois State Law Claim: Assault**
**(August 16, 2023 Encounter – Plaintiffs Against Rodriguez)**

96. Plaintiffs re-allege paragraphs 1 through 9 and 21 through 34 as if fully restated herein.

**ANSWER: Defendant Rodriguez reasserts his answers in the previous paragraphs as though fully stated herein. Defendants City of Chicago and Sunde make no answer to this Count as it is not directed to them.**

97. As described more fully in the preceding paragraphs, Defendant Rodriguez threatened to shoot Plaintiffs while manipulating a firearm in a threatening manner.

**ANSWER: Defendant Rodriguez denies this paragraph.**

98. In doing so, Defendant Rodriguez knowingly placed Plaintiffs in reasonable apprehension of receiving a battery.

**ANSWER: Defendant Rodriguez denies this paragraph.**

99. Defendant Rodriguez's conduct was without lawful authority.

**ANSWER: Defendant Rodriguez denies this paragraph.**

11

100. defendant could not have known, acting intentionally, and with malice.

**ANSWER: Defendant Rodriguez denies this paragraph.**

101. As a direct and proximate result of Defendant Rodriguez's action, Plaintiff suffered injuries of a personal and pecuniary manner, including emotional distress, mental anguish, humiliation, and degradation.

**ANSWER: Defendant Rodriguez denies this paragraph.**

102. As described above, the Defendant Rodriguez's conduct was undertaken within the scope of his employment such that his employer, City of Chicago, is liable for his actions.

**ANSWER: Defendant Rodriguez admits he was working within the scope of his employment as a Chicago Police Officer, but denies the alleged conduct, denies any wrongdoing.**

### COUNT 11
### Illinois State Law Claim: Intentional Infliction of Emotional Distress
### (August 16, 2023 Encounter – Plaintiffs Against Defendant Rodriguez)

103. Plaintiffs re-allege paragraphs 1 through 9 and 21 through 34 as if fully restated herein.

**ANSWER: Defendant Rodriguez reasserts his answers in the previous paragraphs as though fully stated herein. Defendants City of Chicago and Sunde make no answer to this Count as it is not directed to them.**

104. The misconduct of Defendant Rodriguez was committed with intentional disregard for Plaintiffs' safety and amounted to extreme and outrageous conduct.

**ANSWER: Defendant Rodriguez denies this paragraph.**

105. Defendant Rodriguez intended to inflict severe emotional distress upon Plaintiffs and knew that there was a high probability that his conduct would cause Plaintiffs severe emotional distress and mental anguish.

**ANSWER: Defendant Rodriguez denies this paragraph.**

106. As a direct and proximate result of Defendant Rodriguez's conduct, Plaintiffs sustained injuries, including severe emotional distress.

**ANSWER: Defendant Rodriguez denies this paragraph.**

12

***Respondeat Superior***

**Defendant Officers Rodriguez and Sunde make no answer to this Count as it is not directed to them. To the extent this Count can be interpreted as directed to Defendant Officers Rodriguez and Sunde, they deny the allegations contained herein.**

107. Plaintiffs re-allege each of the preceding paragraphs as if fully restated herein.

**ANSWER: Defendant City reasserts its answers in the previous paragraphs as though fully stated herein.**

108. In committing the acts alleged in the preceding paragraphs, Defendant Officers were acting as members and agents of the City of Chicago, and acting at all relevant times within the scope of their employment as Chicago Police Officers.

**ANSWER: Defendant City admits Defendants Rodriguez and Sunde were working within the scope of their employment as a Chicago Police Officers, but deny the alleged conduct, and deny any wrongdoing.**

109. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER: Defendant City denies that this paragraph completely and accurately sets forth the law as it pertains to *respondeat superior*.**

## Indemnification

**Defendant Officers Rodriguez and Sunde make no answer to this Count as it is not directed to them. To the extent this Count can be interpreted as directed to Defendant Officers Rodriguez and Sunde, they deny the allegations contained herein.**

110. Plaintiffs re-allege each of the preceding paragraphs as if fully restated herein.

**ANSWER: Defendant City reasserts its answers in the previous paragraphs as though fully stated herein.**

111. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER: Defendant City deny this paragraph completely and accurately sets forth the law as it relates to indemnity.**

Defendant Officers were employees of the City of Chicago and were acting within the scope of their employment in committing the misconduct described herein.

**ANSWER: Defendant City admit that Officers Rodriguez and Sunde were employed by the City of Chicago as Police Officers and acting within the scope of their employment, but denies the alleged conduct, and deny any wrongdoing.**

### AFFIRMATIVE DEFENSES

1. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that said Defendant Officer's possessed. Defendant Officers, therefore, are entitled to qualified immunity as a matter of law.

2. To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in the case.

3. To the extent any damages claimed by Plaintiffs were proximately caused, in whole or in part, by Plaintiffs' actions, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by a jury in this matter.

4. Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless he or she individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

Defendant City is not liable to the Plaintiff for any federal or state law claim for which its employees or agents are not liable to the Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); 745 ILCS 10/2-109 (1994).

6. Defedant City is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by Plaintiff. 745 ILCS 10/2-102 (West 2018).

7. A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109. Because Defendant Officers were employed by the City at the time of the incident and the officers are immune from liability as stated above, Defendant City is also immune.

8. Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), Defendants are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2006).

9. As to any state law claim alleged by Plaintiff, a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202. Defendant Officers are public employee and their respective acts and omissions rendered at all times material to the events alleged in Plaintiff's Complaint were neither willful nor wanton, thus, Defendant Officers have immunity from Plaintiff's claims.

10. As to any state law claim alleged by Plaintiff, a public employee acting within the scope of his or her employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. Defendant Officers are public employees, who at all times material to the events alleged in Plaintiff's Complaint, acted within the scope of their employment and are, therefore, not liable for the acts or omissions of other people.

11. As to Plaintiff's state law claims, under the Illinois Tort Immunity Act, the Defendant Officers are not liable for any of the claims alleged because a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative

15

proceeding within his employment unless his acts are malicious and without

probable cause. 745 ILCS 10/2-208 (2014).

12. Plaintiff is not entitled to attorney's fees for his state law claims. *See In re*

   *Weinschneider*, 395 F.3d 401, 404 (7th Cir. 2005).

13. A municipal government can be held liable under 42 U.S.C. § 1983 only if a plaintiff can

   demonstrate that a deprivation of a federal right occurred as a result of a "policy" of the

   local government's legislative body or of those local officials whose acts may fairly be

   said to be those of the municipality. Municipalities cannot be held liable under Section

   1983 for constitutional torts on a theory of *respondeat superior*. *Monell v. Department of*

   *Social Serv*., 436 U.S. 658 (1978).

## JURY DEMAND

The Defendants respectfully request a trial by jury.

Dated: August 14, 2024                                                                                          Respectfully submitted,

                                                         Respectfully submitted,

                                                         BY: */s/ Kevin Meehan*
                                                         Kevin Meehan
                                                         Assistant Corporation Counsel

Jessica Griff, Chief Assistant Corporation Counsel
Kevin Meehan, Assistant Corporation Counsel
Jahnee' Hughes, Assistant Corporation Counsel
City of Chicago Department of Law
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-1806
(312) 744-6566 (FAX)
Kevin.Meehan@cityofchicago.org
***Counsel for Defendants***

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| JOVAN STREETER and MARQUITA BEECHAM, ) ) ) Plaintiff, ) ) v. ) ) CHICAGO POLICE OFFICER ) RICHARD RODRIGUEZ, JR. (Star #12157), in ) his individual capacity; CHICAGO ) POLICE OFFICER KENNETH SUNDE ) (Star #18633), in his individual capacity; ) CHICAGO POLICE OFFICER JOHN DOE, in his ) individual capacity, and CITY OF ) CHICAGO, a municipal corporation, ) ) Defendants. ) | No.   24-cv-4158 |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

Ian M. Barney
Barney & Hourihane, LLP
909 Davis Street, Suite 500
Evanston, Illinois 60201
ian@barneyhourihane.com

Jordan Marsh
Law Office of Jordan Marsh, LLC
5 Revere Dr., Suite 200
Northbrook, Illinois 60062
jordan@marshlaw.com

     **PLEASE TAKE NOTICE** that on this ___14th___ day of August 2024, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

     I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this ___1st___ day of March 2024.

                                     ___*Kevin Meehan*___
                                       Assistant Corporation Counsel