IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOVAN STREETER and MARQUITA BEECHAM, <br><br> Plaintiff, <br><br> v. <br><br> CHICAGO POLICE OFFICER RICHARD RODRIGUEZ, JR. (Star #12157), in his individual capacity; CHICAGO POLICE OFFICER MICHAEL DONNELLY (Star #13784), in his individual capacity, and CITY OF CHICAGO, a municipal corporation, <br><br> Defendants. | No. 24-cv-4158 <br><br> **Jury Demand** |

**SECOND AMENDED COMPLAINT**

NOW COMES Plaintiffs, JOVAN STREETER and MARQUITA BEECHAM ("Plaintiffs" or "Plaintiff Streeter" and "Plaintiff Beecham"), by and through their attorneys, Barney Hammond Hourihane LLP and Law Office of Jordan Marsh LLC, and complaining of Defendants, CHICAGO POLICE OFFICERS RICHARD RODRIGUEZ, JR. (Star No. 12157) and MICHAEL DONNELLY (Star No. 13784), in their individual capacity, and CITY OF CHICAGO (referred to herein collectively as "Defendants"), and states as follows:[1]

**INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs are filing this Second Amended Complaint with the written consent of Defendants.

1

deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a) and the Constitution of the United States.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## PARTIES

4. **Plaintiffs.** Jovan Streeter and Marquita Beecham are residents of Chicago, Illinois.

5. **Defendant Richard Rodriguez, Jr.** Defendant Officer Richard Rodriguez, Jr. ("Defendant Rodriguez") is, and was at all times complained of herein, employed by the City of Chicago as a police officer for the Chicago Police Department. At all times material to this Complaint, Defendant Officer Rodriguez was acting within the scope of his employment as a Chicago police officer and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Chicago and the Chicago Police Department.

6. **Defendant Officer Donnelly.** Defendant Officer Donnelly is, and was at all times complained of herein, employed by the City of Chicago as a police officer for the Chicago Police Department. At all times material to this Complaint, Defendant Officer Donnelly was acting within the scope of his employment as a

Chicago police officer and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Chicago and the Chicago Police Department.

7. **Defendant City of Chicago.** City of Chicago is a municipal corporation with its principal place of business located in Chicago, Illinois.

## BACKGROUND

8. On August 16, 2023, Plaintiffs were driving in Plaintiff Streeter's vehicle when they encountered Defendant Officers Rodriguez and Donnelly in Chicago, Illinois.

9. Defendant Officers pulled Plaintiffs' vehicle over.

10. Defendant Officers did not have a lawful basis for the traffic stop.

11. After pulling Plaintiffs over, Defendants Rodriguez and Donnelly ordered Plaintiffs to exit the vehicle

12. Defendant Officer Rodriguez then searched Plaintiff Streeter's vehicle.

13. There was no probable cause or any other lawful justification for the search conducted by Defendant Rodriguez.

14. Plaintiff Beecham notified Defendant Rodriguez that she was in possession of her legally owned firearm. Plaintiff Beecham possessed a valid Conceal Carry License issued by the State of Illinois at the time of the traffic stop and was permitted under the law to carry a concealed firearm.

15. Defendant Rodriguez seized the firearm.

16. After seizing the firearm, Defendant Rodriguez pointed the firearm at

3

Plaintiffs and threatened to "dump" on Plaintiffs, slang which Plaintiffs knew to mean shoot them.

17. At no time during the encounter did Plaintiffs pose a threat or present a danger to Defendant Rodriguez or any other person.

18. Throughout the encounter, Defendant Rodriguez engaged in abusive and threatening behavior, including berating and degrading Plaintiffs and threatening to impound their vehicle despite the fact that there was no lawful basis to do so.

19. Ultimately, Plaintiffs were released from the traffic stop without receiving any traffic citations.

20. Plaintiffs subsequently drove to a Chicago police station and expressed their desire to lodge a complaint against Defendant Officers. Other officers, including Defendant Officers and a supervisor, attempted to dissuade Plaintiffs from doing so.

21. Ultimately, a complaint was lodged and a Bureau of Internal Affairs investigation sustained Plaintiffs' allegations against Defendant Rodriguez and suspended him for three days.

### COUNT 1
### 42 U.S.C. § 1983 Claim: Illegal Seizure
### (Plaintiffs Against Rodriguez and Donnelly)

22. Plaintiffs re-allege paragraphs 1 through 21 as if fully restated herein.

23. Defendant Officers Rodriguez and Donnelly seized Plaintiffs in that Plaintiffs' freedom of movement was restrained by Defendant Officers' use of

4

physical force and show of authority.

24. Due to Defendant Officers' actions, Plaintiffs were not free to terminate the encounter with Defendant Officers.

25. Defendant Officers' actions interfering with Plaintiffs' freedom of movement were done without probable cause, reasonable suspicion, or any other lawful justification.

26. Defendant Officers' seizure of Plaintiffs violated Plaintiffs' constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983.

27. Defendant Officers' actions were unreasonable, willful, wanton, malicious, and were undertaken with reckless indifference to Plaintiffs' constitutional rights.

28. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries of a personal and pecuniary nature as a result, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

### COUNT 2
### 42 U.S.C. § 1983 Claim: Illegal Search
### (Plaintiffs Against Rodriguez)

29. Plaintiffs re-allege paragraphs 1 through 21 as if fully restated herein.

30. Defendant Officer Rodriguez's search of Plaintiff Streeter's vehicle was done without the consent of Plaintiffs or any other person with authority.

31. Further, no arrest or search warrant existed which would authorize

Defendant Rodriguez to search Plaintiffs or Plaintiff Streeter's vehicle.

32. Defendant Officers lacked probable cause, reasonable suspicion, or any other legal justification that would authorize a search of Plaintiff Streeter's vehicle.

33. The search of Plaintiff Streeter's vehicle violated Plaintiff Streeter's constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983

34. Defendant Rodriguez's search of Plaintiff Streeter's vehicle was unreasonable, willful, wanton, malicious, and done with reckless indifference to Plaintiff's constitutional rights.

35. The constitutional violation described herein was a direct and proximate result of Defendant Rodriguez's actions, and Plaintiff suffered injuries of a personal and pecuniary nature as a result, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

### COUNT 3
### 42 U.S.C. § 1983 Claim: Excessive Force
### (Plaintiff Streeter Against Rodriguez)

36. Plaintiffs re-allege paragraphs 1 through 21 as if fully restated herein.

37. Defendant Rodriguez's act of pointing a firearm at Plaintiffs constituted the use of force.

38. The force used against Plaintiffs by Defendant Rodriguez was objectively unreasonable and excessive under the circumstances.

39. As a result of Defendant Rodriguez's unreasonable, unjustified, and excessive use of force, Plaintiffs suffered injuries, including emotional distress.

40. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiffs constitutional rights.

41. This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

42. The constitutional violation described herein was a direct and proximate result of Defendant Officer Rodriguez's actions, and Plaintiff suffered injuries of a personal and pecuniary nature as a result, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

## COUNT 4
### Illinois State Law Claim: Assault
### (Plaintiffs Against City and Rodriguez)

43. Plaintiffs re-allege paragraphs 1 through 21 as if fully restated herein.

44. As described more fully in the preceding paragraphs, Defendant Rodriguez threatened to shoot Plaintiffs while manipulating a firearm in a threatening manner, including pointing the firearm at Plaintiffs.

45. In doing so, Defendant Rodriguez knowingly placed Plaintiffs in reasonable apprehension of receiving a battery.

46. Defendant Rodriguez's conduct was without lawful authority.

47. Defendant Rodriguez's conduct was done knowingly, intentionally, and with malice.

48. As a direct and proximate result of Defendant Rodriguez's action, Plaintiff suffered injuries of a personal and pecuniary nature, including emotional

distress, mental anguish, humiliation, and degradation.

49. As described above, the Defendant Rodriguez's conduct was undertaken within the scope of his employment such that his employer, City of Chicago, is liable for his actions.

### COUNT 5
### Illinois State Law Claim: Intentional Infliction of Emotional Distress
### (Plaintiffs Against City and Rodriguez)

50. Plaintiffs re-allege paragraphs 1 through 21 as if fully restated herein.

51. The misconduct of Defendant Rodriguez was committed with intentional disregard for Plaintiffs' safety and amounted to extreme and outrageous conduct.

52. Defendant Rodriguez intended to inflict severe emotional distress upon Plaintiffs and knew that there was a high probability that his conduct would cause Plaintiffs severe emotional distress and mental anguish.

53. As a direct and proximate result of Defendant Rodriguez's conduct, Plaintiffs sustained injuries, including severe emotional distress.

### COUNT 6
### *Respondeat Superior*

54. Plaintiffs re-allege each of the preceding paragraphs as if fully restated herein.

55. In committing the acts alleged in the preceding paragraphs, Defendant Officers were acting as employees and agents of the City of Chicago and acting at all relevant times within the scope of their employment as Chicago Police Officers.

56.    Defendant City of Chicago is liable as principal for all torts committed by its agents.

## COUNT 7
## Indemnification

57.    Plaintiffs re-allege each of the preceding paragraphs as if fully restated herein.

58.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

59.    Defendant Officers are employees of the City of Chicago and were acting within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, JOVAN STREETER and MARQUITA BEECHAM, respectfully request that this Honorable Court enter judgment in THEIR favor and against Defendants, CITY OF CHICAGO, DEFENDANT OFFICER RODRIGUEZ, and DEFENDANT OFFICER DONNELLY, awarding compensatory damages and attorneys' fees, along with punitive damages against DEFENDANT OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Jury Demand

Plaintiffs, JOVAN STREETER and MARQUITA BEECHAM, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so

9

triable.

                                                                Respectfully submitted,

                                                                /s/ *Ian M. Barney*
IAN M. BARNEY
Barney Hammond Hourihane LLP
53 W. Jackson Blvd., Suite 1424
Chicago, Illinois 60604
Tel: 312-854-0906
E: ian@barneyhammond.com

JORDAN MARSH
Law Office of Jordan Marsh LLC
5 Revere Drive, Suite 200
Northbrook, IL 60062
Tel: (224) 220-9000
E: jordan@jmarshlaw.com

*Counsel for Plaintiff*