IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOVAN STREETER AND MARQUITA BEECHAM,

    Plaintiffs,

v.

RICHARD RODRIQUEZ, JR., MICHAEL DONNELLY, AND CITY OF CHICAGO,

    Defendants.

Case No. 24-cv-04158

*Jury Trial Demanded.*

**PLAINTIFFS' MOTION TO COMPEL, FOR SANCTIONS, AND FOR EXPEDITED DISCOVERY**

    Plaintiffs, JOVAN STREETER and MARQUITA BEECHAM, by and through their undersigned attorney, move this Court for an order compelling Defendant Rodriquez to complete his terminated deposition, compelling expedited discovery, for sanctions, and for other relief, in support thereof state as follows:

    1.    This motion concerns the shocking and unprecedented unilateral termination of a judicially ordered deposition by the City of Chicago, in which a police sergeant effectively pulled a defendant officer out of his deposition during a break and removed him from the premises without consulting Plaintiffs' counsel, forcing the premature termination of his deposition.

    2.    As the Court is aware, the deposition of Defendant Richard Rodriquez has been delayed and continued, canceled and rescheduled, numerous times over the course of this litigation.

3. After numerous delays and rescheduling, including multiple extensions of the fact discovery deadline, Defendant Rodriquez's deposition was scheduled for February 20, 2026.

4. The court has ordered that it proceed on or before February 27, 2027. (Dkt. 100.)

5. On February 20, Rodriquez's deposition began at 10:30 a.m.

6. Approximately 90 minutes into the deposition, Rodriquez's attorney requested a break.

7. Rodriquez left the room where the deposition was proceeding.

8. During the break, Rodriquez's attorney informed Plaintiffs' counsel that the deposition was being terminated and would have to be continued to a later date because Rodriquez's sergeant needed to take him to Chicago Police Department Headquarters so that he could be relieved of his police powers.

9. By the time Plaintiffs' counsel learned this information, on information and belief, Rodriquez was already gone.

10. Plaintiffs' counsel was never consulted prior to Rodriquez being removed from the office where the deposition was taking place.

11. Plaintiffs' counsel was not provided the opportunity to speak with the sergeant or to learn anything about this development prior to Rodriquez and his sergeant leaving the premises.

12. This was – to put it mildly – an unusual development.

13. The City's actions in interrupting and unilaterally terminating a court-ordered deposition of one of its police officers is unprecedented in the collective experience of Plaintiffs' counsel, and likely the experience of all counsel in this matter.

14. It constitutes lawless interference with the civil justice system, and with the right of Plaintiffs' counsel to take the (long-delayed) testimony of an individual defendant.

15. Plaintiffs are not aware of any legal basis for a deponent's employer to unilaterally terminate their employee's deposition without notice or discussion – so that he could face discipline back at work.

16. There is no reason Rodriquez could not have been relieved of his police powers after his deposition.

17. Plaintiffs' counsel, as well as the other counsel in the case, spent numerous hours preparing for the deposition on this date and arranged their schedules to accommodate the deposition.

18. Plaintiffs' counsel was forced to order the transcript of the aborted deposition so that they can continue the line of questioning of Defendant Rodriquez if and when he is ever reproduced for his deposition, and so they can recall his answers during the first portion of the deposition.

19. At this time, it is unclear – but doubtful, given the number of schedules involved – whether the deposition will be able to resume on or before the February 27 deadline set by the Court.

20. The Federal Rules of Civil Procedure authorize the Court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

21. In light of the above, Plaintiffs seek an order from the Court:

    a. Compelling Defendant Rodriquez to complete his deposition within the next two weeks;

    b. Compelling the City to provide all documents, emails, memoranda, and records regarding the facts leading to the wrongful termination of Rodriquez's deposition within one week from the date of the order, including but not limited to materials

3

related to the relief of Rodriquez's police powers, the reason and necessity for the immediate removal of Rodriquez from the deposition, and the manner in which it was handled;

c. Compelling the City of Chicago to pay for the court reporter and videographer for the continued deposition, as well as reasonable attorney fees and costs to Plaintiffs' counsel for the time and expense occasioned by the improperly terminated deposition;

d. Compelling a representative of the Chicago Police Department who was involved in this incident to appear and explain why it was necessary to terminate a judicially ordered deposition without seeking leave from the Court or consulting Plaintiffs' counsel;

e. Declaring that the City's unilateral removal of Officer Rodriquez from his court-ordered deposition, effectively terminating the deposition, violated the Federal Rules of Civil Procedure and the orders of this Court, and constituted willful interference with the operations of the Court and the civil justice system.

22. Separate and apart from the specific relief sought in this motion, the City needs to understand that it cannot interfere with, and unilaterally terminate, a judicially ordered deposition. This is sanctionable conduct and it needs to be addressed as such.

For the foregoing reasons, Plaintiffs Jovan Streeter and Marquita Beecham respectfully request that this Court enter an order consistent with the relief requested in Paragraph 21.

Respectfully submitted,

JOVAN STREETER AND MARQUITA BEECHAM

/s/ Jordan Marsh
*Attorney for the Plaintiffs*

**LAW OFFICE OF JORDAN MARSH LLC**
33 North LaSalle Street Suite 2000
Chicago, IL 60602
(224) 220-9000
jordan@jmarshlaw.com

**BARNEY HAMMOND LLP**
Ian M. Barney | Partner
53 W. Jackson Blvd., Suite 1424
Chicago, IL 60604
(312) 261-5683
ian@barneyhammond.com

## **VERIFICATION**

The undersigned avers that the facts stated in this motion are true and correct to the best of his knowledge and belief.

**/s/ Jordan Marsh**

## CERTIFICATE OF SERVICE

    I certify that on February 21, 2026, I served a copy of the foregoing motion on all counsel of record by filing the same on the Court's ECF system.

<b><u>/s/ Jordan Marsh</u></b>