**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOVAN STREETER, et al.,

                      Plaintiffs,

        v.

RICHARD RODRIGUEZ, JR., et al.,

                    Defendants.

Case No. 24-cv-4158

Judge Mary M. Rowland

## CITY OF CHICAGO'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL, FOR SANCTIONS, AND FOR EXPEDITED DISCOVERY

By the time the parties appear before this Court on March 5, 2026, the deposition of Defendant Officer Richard Rodriquez will be completed. The parties agreed to complete the deposition of Officer Rodriquez on March 3rd. The request to compel the deposition should be denied as moot. In fact, the intention of counsel for defendants was always to complete the deposition and plaintiffs knew that even before filing the Motion to Compel, For Sanctions, and For Expedited Discovery (Dkt. 106) (the "Motion"). Counsel for defendants explained on the record at the deposition that while the deposition commenced, on February 20, 2026, was being suspended, "we're going to have to reconvene hopefully as soon as possible." The City also offered to pay the subsequent appearance fees of the court reporter and the videographer but plaintiffs declined the offer standing on the relief sought in their Motion.

Under the circumstances, the actions of counsel suspending the deposition were reasonable and by no means in bad faith, intended to impede, delay, or frustrate the fair examination of Officer Rodriquez, or in violation of court order as argued in the Motion. As stated above, the intention was to reconvene as soon as possible. The circumstances of the deposition being interrupted is not a typical or common occurrence but an interruption in testimony is not "unprecedented" as plaintiffs suggest. Defendants and their counsel sought to address a serious event—the relieving of an officer of his

1

police powers—in a way to protect the City's and Officer Rodriquez's interests and to allow plaintiffs to complete the deposition as soon as possible. The City also takes issue and denies the suggestion in the Motion (which is not supported with any facts) that there has been any intention on the part of the Defendants to avoid or unduly delay the deposition of Officer Rodriquez. As this Court is aware, all counsel for the City and Individual Defendants have been in the case for approximately two months and we have produced three key witnesses for deposition and completed all but Officer Rodriquez's deposition. While the Court has the discretion "to impose an appropriate sanction" under Rule 30(d)(2), the situation, as will be made clear below, does not warrant such action by the Court. *See Ozuruigbo v. City of Evanston*, No. 23-cv-4218, 2024 U.S. LEXIS 231757, \*14 (N.D. Ill. Dec. 23, 2024). An eleven-day continuance in the deposition caused no real harm to plaintiffs or their lawsuit.

Finally, plaintiffs' request for expedited discovery, and testimony from a Chicago Police Department representative, on the events leading to the suspension of the deposition is wholly collateral to the merits of this lawsuit, unnecessary to resolve the issues presented in the Motion, namely compelling the continuation of the deposition and resolving the request for sanctions, and unnecessary to resolve the substantially undisputed facts concerning the Rodriquez deposition. The events involving the suspension of Officer Rodriquez's deposition, while in some respects sensational, are not substantive to plaintiffs' claims or resolution of the Motion. For the reasons more fully stated below, the City asks that this Court deny the Motion in its entirety.

### ARGUMENT

On January 13, 2026, this Court ordered that "Depositions for defendants Rodriquez and Donnelly to be completed between 2/9/26 – 2/27/26." *See* Dkt. 100. Plaintiffs issued a Notice of Video Deposition for Officer Michael Donnelly for February 17, 2026. The deposition of Officer Donnelly was completed, as scheduled, on February 17, 2026. Plaintiffs also issued, on February 5, 2026, a Notice of Video Deposition for Officer Richard Rodriquez for February 20, 2026.

**The Deposition.** The deposition of Officer Rodriquez commenced just after 10:30 a.m. on Friday, February 20, 2026. The parties agreed to a break at 11:51 a.m. at which time Officer Rodriquez and his counsel, Brian Gainer, left the conference room in which the deposition was being conducted. Unbeknownst to all parties and counsel, Officer Rodriquez's sergeant was standing near the reception desk at the far end of the lobby. The sergeant spoke with Officer Rodriquez and Mr. Gainer. Officer Rodriquez was informed that he was ordered to appear at Chicago Police Department ("CPD") Headquarters because an order was issued to relieve him of his police powers. Faced with a Hobson's choice—choosing between disobeying an order and facing further disciplinary action or continuing his deposition—Officer Rodriquez, after consultation with counsel, proceeded to CPD Headquarters where he was immediately relieved of his police powers. Counsel for the City, Michael Sheehan, and Officer Rodriquez's counsel, Brian Gainer, immediately explained the situation to plaintiffs' counsel, Jordan Marsh, and informed Mr. Marsh that Officer Rodriquez would be made available as soon as reasonably possible to complete his deposition. The parties went back on record, at which time, Mr. Gainer explained that the deposition was being cancelled because a member of the Chicago Police Department came and informed Officer Rodriquez of a work obligation that had to be attended to immediately and that we are going to have to reconvene as soon as possible.

**The Motion.** Plaintiffs made no effort to meet and confer or reschedule the continuation of the deposition before the Court's deadline of February 27, 2026. Instead, plaintiffs filed on Saturday morning, February 21, the Motion to compel the completion of the deposition, seek sanctions, and seek discovery and a hearing on subjects collateral to the matters at issue in Officer Rodriquez's deposition. But for the Motion, the deposition could have been completed prior to February 27, 2026. Nonetheless, Officer Rodriquez and his counsel offered, and the parties agreed, to complete Officer Rodriquez's deposition on March 3, 2026, and the City offered to pay for the appearance fees of the Court Reporter and Videographer for having to appear on March 3, 2026.

3

**City's Response.** The motion to compel is moot. What remains at issue is whether this Court should issue sanctions and allow for protracted discovery and a hearing on collateral issues. "Before imposing sanctions for litigation misconduct, the district court must make a finding of 'bad faith, designed to obstruct the judicial process or a violation of a court order.'" *Fuery v. City of Chicago*, 900 F.3d 450, 463-64 (7th Cir. 2018) quoting *Tucker v. Williams*, 682 F.3d 654, 662 (7th Cir. 2012). The largely undisputed events involving the deposition of Officer Rodriquez fail to rise to a level of sanctionable conduct under Fed. R. Civ. P. 30(d)(2).

First, the decision to relieve a member of the CPD of their police powers is a significant decision in which the member is not permitted to exercise the power of arrest or any other police power bestowed upon them by virtue of being a sworn member of CPD, is not permitted to carry a firearm or any other weapon, and must surrender their Chicago Police Star, Shield and Identification Card. Upon being relieved of his powers, the sworn member is immediately offered counseling and other services through CPD's Employee Assistance Program. The City and the public have a substantial interest in ensuring that the member is relieved of their police powers as soon as practicable after the decision to relieve the officer in order to avoid potential risks or liability should a member encounter circumstances in which police powers may have to be executed after the decision to relieve those powers had been made.

Here, the decision to suspend the deposition was not made with any intention to delay or frustrate the judicial process. On the contrary, the decision sought to ensure that the order to relieve Officer Rodriquez of his police powers was effectuated to avoid any risk or liability that could arise from delay in the process. Moreover, counsel had to consider the state of mind of Officer Rodriquez, who just learned that he was being relieved of his police powers in the middle of his deposition. Proceeding with the deposition simply was not a practical option. To address the inconvenience, counsel advised plaintiffs that the deposition would be reconvened in short order, and the City offered

4

to pay for certain expenses resulting from the continuance. The short delay does not merit reimbursement of deposition preparation fees, and the costs of the Motion were the result of Plaintiffs' election to file a motion alleging impropriety instead of discussing a reasonable solution with defense counsel. *Medline Indus. Inc. v. Wypetech, LLC*, No. 20-cv-4424, 2020, LEXIS 201694 at *10 (N.D. Ill. Oct. 29, 2020) (explaining that Rule 30(d)(2) is meant to "impose costs resulting from obstructive tactics that unreasonably prolong a deposition").

Finally, the continuance of the deposition on February 20th did not violate the Court's order to complete Officer Rodriquez's deposition prior to February 27, 2026. Depositions are commenced and continued for a variety of reasons—to address disputes between the parties, illness, among other reasons. Here, the deposition was not terminated in bad faith as detailed above and the continuance did not prejudice plaintiffs' lawsuit because he will have a full and fair opportunity to complete the deposition of Officer Rodriquez on March 3, 2026.

In conclusion, the City takes this Motion very seriously. The decision to continue the deposition was not made lightly considering both the interests of the City and Officer Rodriquez. There are no facts suggesting that counsel, or the City, acted with an intent to interfere with the judicial process. The City stands by its offer to pay for the appearance fees resulting from the continued deposition. For these reasons, the Motion should be denied.

Dated: February 27, 2026

Respectfully submitted,

**CITY OF CHICAGO**

By:   /*s*/ Michael P. Sheehan
  One of Its Attorneys

TAFT STETTINIUS AND HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Telephone:   (312) 527-4000
Email:     msheehan@taftlaw.com
198544278v6

5